FINK, APPELLEE, *v*. HOLLIDAY, APPELLANT.

(No. 2900—Decided April 22, 1943.)

*Mr. A. P. Hottenstein* and *Mr. Ralph E. Turner,* for appellee.

*Mr. James S. Cooper,* for appellant.

PHILLIPS, P. J.   Schmidt and Splain, plaintiff's and defendant's respective predecessors in title, testified in the trial court that in 1909 they entered into a now lost, unrecorded, written agreement by the terms of which each allowed the other to use four feet of his land, which separated their several adjoining properties, "forever" as a common driveway for their mutual benefit, or for the benefit of "whomsoever" such properties were sold to, or "whoever" owned them thereafter, which driveway was unimproved, except

between the street and the sidewalk, and undefined, and at the time of the trial below had been openly and continuously used for more than thirty years as such without question or interruption by any person.

Defendant's counsel conceded on trial that Splain's property was ''conveyed to him or his wife,'' and that the latter did not sign such agreement, but knew Splain had executed it and made no objection to it.

There is evidence that subsequent to the acquirement of the properties by the plaintiff and defendant in October 1940, and January 1937, respectively, from the Home Owners' Loan Corporation and the receiver of the Central Savings & Loan Company, whose titles it was shown in oral argument had been acquired by foreclosure, plaintiff's tenants parked automobiles in the driveway and upon defendant's land, and that subsequently defendant forbade them and plaintiff to use either for any purpose, and in August 1942 erected a fence in a portion of the driveway along his property line.

Thereupon plaintiff commenced his action in the trial court to enjoin defendant from interfering with his free use of the common driveway.

There is no evidence that reference was made to such agreement in the deeds to plaintiff or defendant or their intervening predecessors in title, and no copy or memorandum of such agreement was offered in evidence, but there is evidence that in response to an inquiry representations were made to plaintiff by his grantor, at the time he purchased his property, that the driveway was for the common use of the occupants of both properties.

The trial judge enjoined defendant from interfering with or obstructing plaintiff's use of such driveway and enjoined plaintiff from encroaching upon defend-

ant's property outside of such driveway limits, and ordered the latter to remove the fence which he had erected thereon.

From the judgment of the trial court defendant appealed to this court on questions of law and urged that such judgment should have been for him instead of the plaintiff, was against the manifest weight of the evidence and contrary to law.

From the record submitted to us we reach the conclusion that the lower court did not err in finding that the use of such driveway by the parties and their predecessors in title was in accordance with an agreement executed by the latter, or in enjoining the parties as hereinbefore set forth, or in ordering defendant to remove the fence he erected.

The judgment of the trial court is affirmed for the reasons set forth herein.

*Judgment affirmed.*

NICHOLS and CARTER, JJ., concur.